IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00826-GPG

STEPHEN ALAN HAYNES

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO;
LIBRARY COMMISSION OF DENVER PUBLIC LIBRARY;
STEVEN HAHN;
ROBERT KNOWLES, also known as BOB KNOWLES;
MICHELLE JESKE;
SHIRLEY AMORE;
LETTIA ICOLARI also known as LETTI ICOLARI;
TRACEY TREECE;
BECKY GELLAR;
ANTON KALETH;
HUBBELL CRUTCHFIELD;
NATHANIEL EGGERT;
OLGA SPIRIDONOVA;
JESSE PEREZ;
MELANIE COLLETTI;
KRISTIN MUELLER,
ROBERT MILLER, and
PEGGY COMBS,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

Plaintiff, Stephen Alan Haynes, resides in Denver, Colorado. Mr. Haynes initiated this action by filing *pro se* a Complaint (ECF No. 1) against seventeen entities and individuals. On June 16, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Haynes to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and asserts personal participation by

properly named defendants in the alleged constitutional violations. On July 7, 2015, Mr. Haynes filed an Amended Complaint (ECF No. 12).

The Court must construe the Amended Complaint liberally because Mr. Haynes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Haynes has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss the action if Mr. Haynes' claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action, in part as legally frivolous.

Mr. Haynes asserts one claim for relief pursuant to 42 U.S.C. § 1983 in the Amended Complaint. He contends that his constitutional rights were violated when he was expelled from the Denver Public Library and thus, denied "access to a public place dedicated to free public dissemination of information." (ECF No. 12 at 7). He further alleges (a) "a lack of reasonable and fair enforcement of the expulsion policy of the Denver Library; (b) retaliation from Denver Library staff for exercise of free speech and exercise of speech to seek redress of grievances; (c) lack of timely, noticed, recorded, and appealable hearing for expelled patrons; (d) lack of a policy for Colorado Open Records Act requests; (e) conflicting policies for the general and specialized areas of the Denver Library; (f) general misconduct of City of Denver employees and officers;

and (e) existence of policies, customs, and practices that promote disparate treatment and deficiencies in training resulting in insensitivity, prejudice, and inability to enforce Denver Library policy in accord with constitutional mandates." (*Id.*)  He seeks monetary damages as relief.

Although not a model of clarity, construing the allegations liberally, Mr. Haynes appears to assert claims against Defendants for violations of the First Amendment (freedom of speech and assembly) and Fourteenth Amendment (due process) by challenging the legality of his removal and expulsion from the Denver Public Library.

First, Mr. Haynes asserts his claims against the City and County of Denver and the Library Commission of Denver Public Library.  Mr. Haynes, however, cannot sue the Library Commission of Denver Public Library because the Library Commission of Denver Public Library is the governing body of the Denver Public Library, which is not a separate legal entity from the City and County of Denver, and thus, is not a person subject to suit under 42 U.S.C. § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  Therefore, the Library Commission of Denver Public Library will be dismissed as a party to this action.  The City and County of Denver is the properly named Defendant.

Mr. Haynes also assert his claims against seventeen individual defendants who are officers or employees of the Denver Public Library.  "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).  To establish personal participation, Mr. Haynes must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*,

473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Thus, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Magistrate Judge Gallagher advised Mr. Haynes that personal participation is an essential allegation.  Despite this advisement, Mr. Haynes fails to allege any facts that demonstrate Defendants Shirley Amore, Tracey Treece, Letitia Icolari, Becky Gellar, Anton Kaleth, Hubbell Crutchfield, Melanie Colleti, Kristen Mueller, Robert Miller, and Peggy Combs personally participated in the asserted constitutional violations of freedom of speech and due process.  Therefore, even construing the Amended Complaint liberally, the claims against these Defendants are subject to dismissal as legally frivolous.

The Court will not address at this time the merits of the constitutional claims against Defendants City and County of Denver, Steven Hahn, Robert Knowles, Michelle Jeske, Nathaniel Eggert, Olga Spiridonova, and Jesse Perez.  Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).  Accordingly, it is

ORDERED that Defendants Library Commission of Denver Public Library, Shirley Amore, Tracey Treece, Letitia Icolari, Becky Gellar, Anton Kaleth, Hubbell Crutchfield, Melanie Colleti, Kristen Mueller, Robert Miller, and Peggy Combs are dismissed as parties to this action because the claims against them are dismissed pursuant to 28 U.S.C. § 1915.  It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this  29th  day of     July       , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court